**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**LEE RYAN,**

        **Plaintiff,**

**vs.**                                     **No. 3:21-cv-02627-D**

**WELLS FARGO BANK, N.A.,**

        **Defendant.**

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIALDISMISSAL**
**OF THECOMPLAINT FOR FAILURE TO STATE A VALID CLAIM FOR RELIEF**

**TO THE HONORABLE JUDGE:**

    Wells Fargo Bank, N.A. ("Wells Fargo" herein), Defendant, hereby files this Motion for Partial Dismissal of Plaintiff's Complaint, stating as follows:

**I.**
**SUMMARY OF THE ARGUMENT**

    Wells Fargo is entitled to dismissal of Plaintiff's state-law claims under Rule 12(b)(6) based on Plaintiff's failure to state a claim upon which relief may be granted. Specifically, Plaintiff's claims are time barred and Plaintiff failed to exhaust the required administrative remedies. The right to dismissal is apparent from Plaintiff's pleadings and attachments to the pleadings.

    Accordingly, the state-law claims against Wells Fargo should be dismissed with prejudice.

## II.
### BACKGROUND FACTS

.Plaintiff has made admissions within the Complaint as to the timeline and status of the purported EEOC submission prior to filing suit, evidenced by the attachments to the Complaint as well. [Doc. 1]

Plaintiff failed to identify all specific dates of alleged discrimination within the Complaint, but admits the termination of employment occurred on October 11, 2018. [Doc. 1, ¶15]  Therefore, all alleged conduct (though Defendant denies the events) occurred on or before October 11, 2018. [Doc. 1, ¶15]  Most allegations, occurred prior to September 2018, according to Plaintiff's version of events. [Doc. 1, ¶¶ 5-15]

Per the Complaint, Plaintiff's counsel submitted an intake questionnaire to the EEOC on June 24, 2019, which the EEOC received on June 28, 2019. [Doc. 1, ¶16; Doc. 1-2]  Plaintiff did not ever file a charge with the EEOC, but check-marked a box of options stating "I want to file a charge of discrimination." [Doc. 1-2, p. 1] Plaintiff's counsel directed the EEOC to forward "any forms that are required to begin the filing process" to her office. [Doc. 1-2, p. 1]  The only evidence Plaintiff relies upon to support the allegation that an EEOC charge was ultimately filed is an undated, unsigned "Charge of Discrimination" attaching the previously-stamped Intake Questionnaire. [Doc. 1-3]

The EEOC issued a Notice of Right to Sue letter dated July 26, 2021, per Plaintiff's Complaint. [Doc. 1-4; Doc. 1, ¶20] Plaintiff's Original Complaint was filed on October 22, 2021. [Doc. 1]

## III.
### STANDARD FOR MOTION FOR DISMISSAL

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if the alleged facts do not entitle the plaintiff to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

560-61 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Gonzales v. Nueces Cty., Texas*, 227 F. Supp. 3d 698, 701 (S.D. Tex. 2017) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

A motion under Rule 12 limits the inquiry to the facts stated in the complaint and documents either attached to or incorporated into the complaint. *Kiper v. BAC Home Loans Servicing, LP*, 884 F.Supp.2d 561, 567 (S.D. Tex. 2012), *citing Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012). For such motions, the court must take all well-pleaded facts in the complaint as true, but the allegations must be enough to raise a right to relief above the speculative level. *Id.* (internal citations omitted).

## IV.
### ARGUMENT AND AUTHORITIES

**A.     Plaintiff's state-law claims should be dismissed because he failed to file a timely charge of discrimination and failed to timely bring this suit.**

An individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the claimant initially files with a state or local agency with authority to grant or seek relief from such practice. 42 U.S.C. § 2000e-5(e)(1); *Landry v. Tex. Youth Comm'n*, No. 1:13-cv-424, 2014 WL 5298021, *3 (E.D. Tex. Oct. 16, 2014).

However, the deadline to file an administrative complaint for claims under the Texas Labor Code **remains 180 days**. *See Martin v. Kroger Co.*, 65 F.Supp. 2d 516, 531 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000) ("State law claims of employment discrimination are time-barred when filed after the 180–day period, while the same claims brought under federal law would be timely if filed within 300 days of the alleged discriminatory conduct."); *Abrams v. American Airlines, Inc.*, 2007 WL 977 5358, *2 (N.D.Tex. August 30, 2007) (same); *Clark v.*

*Champion Nat'l Sec., Inc.*, No. 3:17-CV-1802-C, 2018 WL 10582163, at *3 (N.D. Tex. Nov. 14, 2018), *aff'd*, 952 F.3d 570 (5th Cir. 2020) (applying the limitation imposed by the Texas Labor Code to dismiss as time-barred the state law claims arising more than 180 days before the EEOC charge); *Quick v. VistaCare, Inc.*, 864 F. Supp. 2d 492, 496 (N.D.Tex. 2012) ("Under the TCHRA, a plaintiff is required to file her charge within 180 days of the date of the alleged discrimination, and under Title VII, the deadline is 300 days….Thus, her TCHRA claim is time barred."); *Walker v. Univ. of Texas Sw. Med. Ctr.*, 638 F.App'x 394(Mem), 394-95 (5th Cir. 2016) (plaintiff "was required to file a charge of discrimination within 180 days of the discriminatory act under the Texas Labor Code and within 300 days of the act under Title VII"). The time limit for filing a complaint with the [state] Commission is mandatory and jurisdictional. *Martin*, 65 F.Supp. 2nd at 530-31.

When an employment discrimination charge is untimely filed with the EEOC or designated state agency, a suit based upon the untimely charge should be dismissed. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476–77 (5th Cir. 1991); *see EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 398 (5th Cir. 2007) (the filing of a timely EEOC charge is a statutory prerequisite to filing a Title VII suit).

Plaintiff's last date of employment was October 11, 2018 and, therefore, the deadline for Plaintiff to file an administrative charge regarding his state-law claims was April 9, 2019. *Martin,* 65 F.Supp. 2d at 531. Even if Plaintiff argues the June 28, 2019 Intake Questionnaire and subsequent unsigned/unverified EEOC Charge were sufficient to constitute a properly filed administrative charge—although they are not[1]—Plaintiff missed the state-law deadline by more than two months. Plaintiff's failure to file a timely administrative charge regarding his state-law

---

[1] Defendant reserves the right to assert additional defenses and motions pertaining to Plaintiff's remaining claims.

claims warrants dismissal of the same. *Barrow,* 932 F.2d at 476–77; *WC&M Enters., Inc.*, 496 F.3d at 398.

Moreover, the Texas Labor Code provides that "[a] civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." TEX. LABOR CODE § 21.256. In other words, the Texas Labor Code requires lawsuits to be filed within two years of the charge filing, and courts have dismissed claims for failure to do so. *Neal v. Malakoff Indep. Sch. Dist.*, No. 6:21-CV-00151-JCB, 2021 WL 3027337, at *4 (E.D. Tex. May 11, 2021). Again, assuming for purposes here that Plaintiff's June 28, 2019 EEOC submission is a proper administrative charge, Plaintiff did not file this suit until October 22, 2021—well beyond the two-year filing deadline in the Texas Labor Code. Thus, Plaintiff's claims under state law are further time barred by the late filing of this civil action.

For these reasons, Wells Fargo requests dismiss of Plaintiff's state law claims, including Chapter 21 of the Texas Labor Code, given they are time-barred and Plaintiff has failed to state a claim upon which relief may be granted.

## PRAYER

For these reasons, Wells Fargo respectfully requests that the Court grant its Motion for Partial Dismissal of the Complaint and dismiss Plaintiff's state-law claims in their entirety. .

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, PA.**

By:    */s/ Jo Beth Drake*
        **JO BETH DRAKE**
        State Bar No. 24045942
        jobeth.drake@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

**ATTORNEY FOR DEFENDANT**
**WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of December, 2021, a true and correct copy of the foregoing document was forwarded via electronic filing to the following counsel of record:

Debra Edmondson
Crystal Ndidi Ibe
The Edmondson Law Firm, PLLC
P.O. Box 92801
1100 E. Southlake Blvd., Ste. 400
Southlake, TX 76092

        */s/ Jo Beth Drake*
        **JO BETH DRAKE**