IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-2627-D |
| VS. | § | |
| | § | |
| WELLS FARGO, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Lee Ryan ("Ryan") sues his former employer, defendant Wells Fargo, N.A. ("Wells Fargo"), alleging claims of sex and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and under chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001, *et seq.* (West 2015)). Wells Fargo moves to dismiss Ryan's TCHRA claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons stated below, the court grants the motion and dismisses Ryan's TCHRA claim with prejudice.

I

In January 2018 Ryan transferred from Well Fargo's Birmingham, Alabama office to its Irving, Texas office. Ryan is a white transgender male. At the time of the transfer, Ryan was in the process of transitioning from female to male, and he asked that he be addressed at work as "Mister/he/him." Ryan alleges that his direct supervisor, Richard Whitson

("Whitson"), was openly hostile and refused to adequately train him, even after Ryan expressed concerns about his lack of training. By the end of August 2018, the situation worsened, and Whitson wrote Ryan up every day (a total of eleven times) during a two-week period. On September 11, 2018 Whitson met with Ryan regarding the write-ups and Ryan was placed on "informal" reprimand. Two weeks later, on or before September 25, 2018, Whitson placed Ryan on "formal" reprimand.

Sometime in September 2018, Ryan requested help from Dominique Hudson ("Hudson"), who held the same position as Whitson but was not Ryan's direct supervisor. Hudson never helped Ryan, and she addressed Ryan as "ma'am," even though she was aware that Ryan had requested that he be addressed as mister. Ryan reported this incident to Human Resources ("HR"). Shortly after Ryan reported the incident, Hudson passed by Ryan's desk and whispered loudly enough for him to hear: "If I were you, I would drop that complaint with HR." Compl. ¶ 14. Because Ryan was afraid of losing his job, he acted as if nothing had happened when HR contacted him. On October 11, 2018[1] Whitson fired Ryan, stating that "Human Resources says you are fired, and we have to let you go." *Id.* ¶ 15.

On June 24, 2019 Ryan submitted his intake questionnaire to the Equal Employment Opportunity Commission ("EEOC"), in which he indicated that he wished to file a charge of sex discrimination and retaliation against Wells Fargo. Ryan also alleges that his charge

---

[1]The intake questionnaire that Ryan filed with the Equal Employment Opportunity Commission indicates that he was fired on October 11, *2019*. *See* Compl. Ex. 2, at 2. This appears to be an error both because Ryan now pleads that he was fired on October 11, *2018* and because the intake form was filed on June 28, 2019.

of discrimination was filed with the EEOC on June 28, 2019. Ryan received a right to sue letter from the EEOC on July 26, 2021.

On October 22, 2021 Ryan brought the instant lawsuit against Wells Fargo, asserting two claims: count one, for sex discrimination, in violation of Title VII; and count two, for violations of the Texas Labor Code.² Wells Fargo now moves to dismiss Ryan's TCHRA claim on the ground that Ryan failed to exhaust his administrative remedies. Ryan opposes the motion. The court is deciding the motion on the briefs.

II

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Wells Fargo's partial motion to dismiss, Ryan must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

---

²Although Ryan alleges several factual predicates for these claims, they are asserted under the rubrics of two counts, i.e., two claims. The court will therefore refer to Ryan's TCHRA claim as if it were a single claim.

a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

Wells Fargo contends that Ryan's TCHRA claim must be dismissed because, *inter alia*, he fails to allege that he filed a complaint with either the EEOC or the Texas Workforce Commission ("TWC") within 180 days of the date that the alleged unlawful employment actions occurred.[3] Ryan responds that his administrative complaint was timely because he filed it with the EEOC within Title VII's 300-day limitations period and the EEOC did not dismiss his complaint as untimely; instead, it issued him a right to sue letter.

### A

It is well settled that a plaintiff must exhaust his administrative remedies before bringing a claim under Title VII or the TCHRA. *See Marquis v. Omniguide, Inc.*, 714

---

[3]Wells Fargo also maintains that Ryan failed to exhaust his administrative remedies because he filed the instant lawsuit more than two years after his charge was filed with the EEOC. Because the court is dismissing Ryan's TCHRA claim on the basis that he failed to file a complaint with the TWC or EEOC within 180 days of when the alleged discriminatory conduct occurred, it need not address this argument nor Ryan's contention that the two-year deadline should be equitably tolled.

F.Supp.2d 640, 643-44 (N.D. Tex. 2010) (Fitzwater, C.J.); *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). In a state such as Texas, which provides a state administrative mechanism to address claims of employment discrimination, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged. *See* 42 U.S.C. § 2000e-5(e)(1); *Griffin v. City of Dallas*, 26 F.3d 610, 612-13 (5th Cir. 1994). And a complaint under the TCHRA "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab. Code Ann. § 21.202(a). Under the Worksharing Agreement between the EEOC and the TWC, a complaint filed with the EEOC, and forwarded by the EEOC to the TWC, satisfies the requirements of the TCHRA. *See Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2000); *Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773-74 (Tex. App. 1996, no writ).

The Fifth Circuit has recently held that "[Tex. Lab. Code Ann.] § 21.202's 180-day filing deadline, although mandatory, is not jurisdictional." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 553 (5th Cir. 2020). Because the filing deadline is still mandatory, the court must dismiss Ryan's TCHRA claim if he has failed to plausibly allege that he has exhausted his administrative remedies. *Id.* at 552, 554-55.[4]

---

[4]The court is deciding this motion under a plausible pleading standard. But even if it concluded that, in the context of this Rule 12(b)(6) motion, it was necessary that Ryan's failure to exhaust his administrative remedies appear on the face of the complaint he filed in this court, the court would hold that this standard has also been satisfied. As the court will explain, the pertinent dates that control the exhaustion analysis are all pleaded in Ryan's complaint.

B

Ryan has failed to plausibly allege that he exhausted his mandatory administrative remedies under Tex. Lab. Code Ann. § 21.202(a). Because Ryan alleges that he was discharged on October 11, 2018, that is the latest date that a discriminatory act could have occurred. It was therefore necessary for Ryan to file his administrative complaint, at the latest, within 180 days of October 11, 2018—by April 9, 2019. According to the original complaint that he filed in this lawsuit, Ryan did not send his intake questionnaire to the EEOC until June 24, 2019, well after the April 9, 2019 deadline. Thus even assuming *arguendo* that his intake questionnaire constituted a charge or complaint for exhaustion purposes and that it was forwarded to the TWC, Ryan still failed to exhaust his mandatory administrative remedies because his intake questionnaire was untimely. Accordingly, the court dismisses Ryan's TCHRA claim with prejudice. *Id.* at 554-55 (explaining that district court properly dismissed plaintiff's complaint with prejudice after concluding that plaintiff failed to plausibly allege that he had exhausted his mandatory administrative remedies under Tex. Lab. Code Ann. § 21.202(a)).

Ryan maintains that his administrative complaint was timely filed because, under the Worksharing Agreement, he only needed to file his charge within Title VII's 300-day limitations period. The court disagrees. Despite the existence of the Worksharing Agreement, "filing a charge with the EEOC out of [Tex. Lab. Code Ann. § 21.202(a)'s 180-day] time period does not expand a plaintiff's time for bringing a [TCHRA] claim in federal court." *Wright v. Transp. Commc'n Union/IAM*, 2020 WL 7061874, at *4 (S.D. Tex. Nov.

5, 2020), *rec. adopted* 2020 WL 7060213 (S.D. Tex. Dec. 1, 2020); *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 586 n.65 (5th Cir.) (explaining that plaintiff's TCHRA claims are barred if his charge is filed with the EEOC more than 180 days after the unlawful conduct occurred), *cert. denied*, 141 S. Ct. 662 (2020). Thus even if Ryan's charge was filed with the EEOC within Title VII's 300-day filing period, nothing in these precedents suggests that the Worksharing Agreement alters Tex. Lab. Code Ann. § 21.202(a)'s 180-day filing requirement.

Because the court concludes that Ryan failed to plausibly allege that he filed a complaint with the EEOC or the TWC within 180 days of when the alleged discriminatory actions by Wells Fargo occurred, it holds that Ryan failed to exhaust his administrative remedies and dismisses his TCHRA claim (count two) with prejudice.

\* \* \*

Accordingly, for the reasons explained, the court grants Wells Fargo's motion for partial dismissal and dismisses Ryan's claim under the TCHRA with prejudice.

**SO ORDERED**.

January 27, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE