**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**LEE RYAN,**

      **Plaintiff,**

**vs.**                                **No. 3:21-cv-02627-D**

**WELLS FARGO BANK, N.A.,**

      **Defendant.**

**AGREED MOTION TO STAY PROCEEDINGS AND, IN THE ALTERNATIVE,
AGREED MOTION TO CONTINUE TRIAL SETTING AND
EXTENSION OF PRETRIAL DEADLINES**

      Plaintiff Lee Ryan and Defendant Wells Fargo Bank, N.A., hereby file this Agreed Motion to Stay Proceedings and, In the Alternative, Agreed Motion to Continue Trial Setting and Extension of Pretrial Deadlines, and in support show as following:

      1.      On March 2, 2023, Plaintiff file a voluntary petition for individuals filing for bankruptcy in the Northern District of Texas, Dallas Division, Cause Number 23-30401-sgj13. The parties ask that the Court take judicial notice of these filings.  Plaintiff is seeking a chapter 13 plan.

      2.      Until Friday, April 28, 2023, neither attorney for the parties were aware of Plaintiff's bankruptcy filing.

      3.      Pursuant to the Court's Order Granting Agreed Motion to Continue Trial Setting and Motion for Extension of Pretrial Deadlines [Doc.19], the cause is currently set for trial on September 18, 2023.  Also, the discovery deadline is set for May 3, 2023, and dispositive motion deadline and other motions deadline is May 12, 2023.

## AGREED MOTION TO STAY

4.    Since Plaintiff's claims in this lawsuit arose prior to the bankruptcy filing, the plaintiff's (debtor's) legal interests in this proceeding are now part of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code.  11 U.S.C. §541.  Under plaintiff's Chapter 13 filing, a trustee is appointed by the bankruptcy court to oversee the plaintiff's repayment plan. Causes of action belonging to the bankruptcy estate may only be pursued by the bankruptcy trustee. Any recovery on such claim belongs to the estate, and not to the employee individually. Presently, the parties are unable to engage in further settlement negotiations until the bankruptcy trustee is informed of these proceedings.

5.    Any attorney working on behalf of the bankruptcy estate must be employed and approved by the court prior to commencing legal services. (Bankruptcy Code, § 327, subd. (a).) Pursuant to Bankruptcy Code section 327, subdivision (e), counsel for plaintiff needs to confer with the bankruptcy trustee to determine whether plaintiff's counsel will be retained or whether other counsel will be retained.

6.    Under Bankruptcy Code Section 541(a)(1), causes of action are property of the estate. Debtors are required to file schedules of their assets and liabilities. Bankruptcy Code, § 521, subd. (a)(1)(B)(i).

7.    During the agreed stay, the parties agree as follows:

    a.  Counsel for plaintiff will confer with plaintiff, plaintiff's bankruptcy counsel, and bankruptcy trustee concerning these proceedings and to inform plaintiff's bankruptcy counsel and the bankruptcy trustee of this case.

    b.   Counsel for plaintiff will provide the necessary information requested by the bankruptcy trustee and plaintiff's bankruptcy counsel so that bankruptcy trustee and bankruptcy court are informed as to this lawsuit.

    c.   As a result of this lawsuit, the bankruptcy court or trustee may have other issues to resolve.

    d.   Counsel for plaintiff will work with the bankruptcy trustee to determine the bankruptcy trustee's plan for this case, including whether retention of plaintiff's current counsel or another attorney.

    e.   The bankruptcy trustee may wish to intervene into this lawsuit.

    f.   Once the bankruptcy trustee has retained counsel or made other decisions concerning this case, Plaintiff and Defendant and their attorneys will have a settlement conference with the bankruptcy trustee to discuss settlement.

    g.   The parties agree to a 90-day stay, until Monday, July 31, 2023.  If the parties agree to lift the stay prior to this date, then the parties will file an agreed motion to lift the stay.

    h.   The parties will confer and file a Joint Status Report by July 31, 2023, or at the time of the agreed motion to lift stay is filed.

    8.   A stay is proper.  In *Wieburg v. GTE Southwest, Inc.* 272 F.3d 302 (5th Cir. 2001), the parties agreed to a stay to allow time for the bankruptcy trustee to decide on the course of action.  Further, the Court in *Wieburg* held that the claims are property of the bankruptcy estate, and the bankruptcy trustee is the real party in interest with exclusive standing to assert those claims. *Wieberg*, 272 F.3d 302, 305.

9.      The bankruptcy trustee may not intervene as the bankruptcy trustee may determine that its in the best interest of the bankruptcy estate to not move to re-open the bankruptcy proceeding and to not prosecute the employment case.  See *Makinen v. FFE Transp. Services*, Cause No. 3-08-CV-1115-M, 2008 WL 4449540, U.S. District Court, N.D. Texas, Dallas Division (September 30, 2008).

### AGREED MOTION TO CONTINUE TRIAL SETTING AND AGREED MOTION FOR EXTENSION OF PRETRIAL DEADLINES

10.      In alternative to the Agreed Motion to Stay, the Parties also agree to this Agreed Motion to Continue Trial Setting and Agreed Motion for Extension of Pretrial Deadlines

11.      Since the Court's Order Granting Agreed Motion to Continue Trial Setting and Motion for Extension of Pretrial Deadlines [Doc. 19], the parties have conducted additional discovery.  Plaintiff was deposed.  Plaintiff sent Requests for Admissions, Interrogatories, and Requests for Production to Defendant.  The parties agreed to a confidentiality agreement.

12.      Prior to becoming aware of the Plaintiff's bankruptcy filing, the attorneys had conferred and agreed to a 90-day extension of the deadlines to complete discovery, dispositive motions and other motions, and trial.

13.      Additional time is needed to complete discovery.  Plaintiff provided authorizations from third-parties, including the IRS.  Some of the third-parties, including the IRS and a counselor, have not provided the records.  The 2022 tax return for Plaintiff cannot be obtained until on or after May 1, 2023, today.

14.      Plaintiff's Requests for Production does require disclosure of some ESI.  Although Wells Fargo is diligently gathering the ESI, an additional 60 days is needed to gather information.

Defendant Wells Fargo would use the time during 90-day stay to gather the necessary information for the ESI and provide responsive materials.

15.     Rick Whitson, Plaintiff's supervisor with Defendant, was diagnosed with cancer and had a recent surgery.  The surgery resulted in an ability to speak for an extended druation. Mr. Whitson needs a few more weeks to recuperate before he can sit for a deposition.

**For these reasons**, Plaintiff and Defendant respectfully request that the Court stay the proceedings for 90 days, vacate all pretrial deadlines, and continue the trial to a later date.

Respectfully submitted,

By:      */s/ Debra Edmondson*
**DEBRA EDMONDSON**
State Bar No.:  TX24045824
debra@edmondsonlawfirm.com

The Edmondson Law Firm, PLLC
P.O. Box 92801
325 Miron Dr/, Suite 100
Southlake, TX 76092
817-416-5291

**ATTORNEY FOR PLAINTIFF**

By:   */s/ David M. Hymer*
**DAVID M. HYMER**
State Bar No. 10380250
david.hymer@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

On April 28, 2023 and May 1, 2023, a conference has been held that complies with Local Rule CV-7(h).  Plaintiff's counsel is agree to this motion.

*/s/ David M. Hymer*_____
DAVID M. HYMER

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of May, 2023, a true and correct copy of the foregoing document was forwarded via electronic filing to the following counsel of record:

Debra Edmondson
The Edmondson Law Firm, PLLC
P.O. Box 92801
325 Miron Dr., Suite 100
Southlake, TX 76092
debra@edmondsonlawfirm.com

*/s/ David M. Hymer*_____
**David M. Hymer**