IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**LEE RYAN,**

    **Plaintiff,**

vs.                                                     No. 3:21-cv-02627-D

**WELLS FARGO BANK, N.A.,**

    **Defendant.**

## AGREED JOINT STATUS REPORT,
## AGREED MOTION TO CONTINUE TRIAL SETTING AND
## EXTENSION OF PRETRIAL DEADLINES

Plaintiff Lee Ryan and Defendant Wells Fargo Bank, N.A., pursuant to the Court's Order from August 2, 2023 {Doc. 24] and Order to Stay Proceeding [Doc. 23], hereby file this Agreed Joint Status Report, Agreed Motion to Continue Trial Setting and Extension of Pretrial Deadlines, and in support show as following:

1. On March 2, 2023, Plaintiff filed a voluntary petition for individuals filing for bankruptcy in the Northern District of Texas, Dallas Division, Cause Number 23-30401-sgj13. Plaintiff was seeking a chapter 13 plan. The initial Chapter 13 plan was denied but a new Chapter 13 plan was filed on July 3, 2023. Unlike the initial bankruptcy filing, the recent Chapter 13 filing includes a reference to this lawsuit on the required schedule.

2. Pursuant to the Court's Order Granting Agreed Motion to Continue Trial Setting and Motion for Extension of Pretrial Deadlines [Doc.19], the cause is currently set for trial on September 18, 2023. Also, the discovery deadline was set for May 3, 2023, and dispositive motion deadline and other motions deadline was May 12, 2023.

3. The Court's Order of August 2, 2023 {Doc. 24] directs counsel to address the following specific issues in this status report:

    a. Whether the stay should be continued,

    b. Whether the parties will be ready for trial on the current September 18, 2023 trial setting,

    c. Whether the parties are actively discussing settlement, and

    d. Any other matters appropriate to bring to the Court's attention.

## AGREED MOTION TO CONTINUE THE STAY

4. The parties agree that the stay should continue until **September 15, 2023**, which is an additional approximately 6 weeks. With the next month, the attorneys will obtain further clarification on the impact of the bankruptcy filing on this lawsuit. Since the new Chapter 13 plan has not been approved, the role of the bankruptcy trustee is unclear to the parties and their counsel. Plaintiff's claims in this lawsuit arose prior to the bankruptcy filing, the plaintiff's (debtor's) legal interests in this proceeding are now part of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code. 11 U.S.C. §541. Under plaintiff's Chapter 13 filing, a trustee is appointed by the bankruptcy court to oversee the plaintiff's repayment plan. The lawyers for both parties need further clarification as to whether the causes of action asserted by Plaintiff may only be pursued by the bankruptcy trustee.

5. Any attorney working on behalf of the bankruptcy estate must be employed and approved by the court prior to commencing legal services. (Bankruptcy Code, § 327, subd. (a).) Pursuant to Bankruptcy Code section 327, subdivision (e), counsel for plaintiff needs to confer with the bankruptcy trustee to determine whether plaintiff's counsel will be retained or whether

other counsel will be retained. The attorney for plaintiff and plaintiff's new bankruptcy counsel have had some discussions about this topic but a resolution has not been reached.

6. During the additional agreed stay, the parties agree as follows:

   a. Counsel for plaintiff will confer further with plaintiff, plaintiff's new bankruptcy counsel, and bankruptcy trustee concerning these proceedings and to inform plaintiff's bankruptcy counsel and the bankruptcy trustee of this case.

   b. Counsel for plaintiff will work with the plaintiff's new bankruptcy counsel and bankruptcy trustee, the bankruptcy court to determine if:

      i. This lawsuit needs be resolved in the bankruptcy court;

      ii. The bankruptcy trustee has a role in settlement negotiations; and

      iii. Whether the bankruptcy trustee intends to intervene in this lawsuit.

   c. Counsel for plaintiff will work with the plaintiff's new bankruptcy attorney and the bankruptcy trustee to determine the bankruptcy trustee's plan for this case, including whether retention of plaintiff's current counsel or another attorney.

7. A stay is proper. In *Wieburg v. GTE Southwest, Inc.* 272 F.3d 302 (5th Cir. 2001), the parties agreed to a stay to allow time for the bankruptcy trustee to decide on the course of action. Further, the Court in *Wieburg* held that the claims are property of the bankruptcy estate, and the bankruptcy trustee is the real party in interest with exclusive standing to assert those claims. *Wieberg*, 272 F.3d 302, 305.

## AGREED MOTION TO CONTINUE TRIAL SETTING AND
## AGREED MOTION FOR EXTENSION OF PRETRIAL DEADLINES

8. The Parties also agree to this Agreed Motion to Continue Trial Setting and Agreed Motion for Extension of Pretrial Deadlines. The parties agree that they are not ready for trial on the current September 18, 2023 trial setting.

9. Since the Court's Order Granting Agreed Motion to Continue Trial Setting and Motion for Extension of Pretrial Deadlines [Doc. 19], the parties have conducted additional discovery. However, the parties have not pursued discovery since the stay. The parties agree that once the stay is lifted, the parties need an additional 120 days for discovery.

10. The parties agree that additional time is needed to complete discovery and file a dispositive motion.

## SETTLEMENT DISCUSSIONS

11. Plaintiff made a settlement demand on July 21, 2023. As addressed above, the parties need a further stay to determine whether the Plaintiff can negotiate the case without the bankruptcy trustee's input or whether the plaintiff has the authority to negotiate the case without input from the bankruptcy trustee. Further, in the event a settlement is reached, we need to determine whether any settlement checks would need to be paid to the bankruptcy trustee or whether the plaintiff and his bankruptcy counsel may simply report the settlement after the settlement is reached. The parties also need further time to evaluate whether the bankruptcy filing impacts a confidentiality agreement that would be included if the case settled.

## OTHER MATTERS

12. The attorneys for both parties have limited experience with bankruptcy issues. The attorneys agree that an additional an additional stay until September 15, 2023 is needed for the stay to obtain further clarification on the various bankruptcy issues.

13. The parties agree to provide the Court with a Joint Status report on or before September 15, 2023. The next Joint Status Report will address:

   a. Whether the stay should continue,

   b. Status of continued settlement negotiations,

   c. Whether the parties will agree to ADR, and

   d. Proposed new dates for deadlines and trial.

**For these reasons**, Plaintiff and Defendant respectfully request that the Court stay the proceedings until September 15, 2023, vacate all pretrial deadlines, and continue the trial to a later date.

Respectfully submitted,

By: */s/ Debra Edmondson*
**DEBRA EDMONDSON**
State Bar No.: TX24045824
debra@edmondsonlawfirm.com

The Edmondson Law Firm, PLLC
P.O. Box 92801
325 Miron Dr/, Suite 100
Southlake, TX 76092
817-416-5291

### ATTORNEY FOR PLAINTIFF

By: */s/ David M. Hymer*
**DAVID M. HYMER**
State Bar No. 10380250
david.hymer@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

### ATTORNEY FOR DEFENDANT

### CERTIFICATE OF CONFERENCE

On August 15 and 16, 2023, a conference has been held that complies with Local Rule CV-7(h).  Plaintiff's counsel agreed to this motion.

*/s/ David M. Hymer*
**DAVID M. HYMER**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 16th day of August 2023, a true and correct copy of the foregoing document was forwarded via electronic filing to the following counsel of record:

Debra Edmondson
The Edmondson Law Firm, PLLC
P.O. Box 92801
325 Miron Dr., Suite 100
Southlake, TX 76092
debra@edmondsonlawfirm.com

                                                  */s/ David M. Hymer*
                                                  **DAVID M. HYMER**